UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

GIENCOURT INVESTMENTS, S.A.,

    Petitioner

v.

IMAX CORPORATION,

    Respondent.

**APPLICATION OF GIENCOURT INVESTMENTS, S.A.
FOR CONFIRMATION OF ARBITRAL AWARDS**

1.    Giencourt Investments, S.A. ("Giencourt") respectfully moves pursuant to 9 U.S.C. § 207, to confirm the Partial Final Award issued in its favor and against respondent IMAX Corporation ("IMAX") on February 7, 2017 and the Final Award issued in its favor and against IMAX on July 21, 2017, (collectively, the "Arbitral Awards"). In support of its application, Giencourt states as follows and submits the accompanying memorandum of law:

**Parties, Jurisdiction, and Venue**

2.    Giencourt is a corporate entity incorporated pursuant to the laws of the Republic of Panama.

3.    IMAX is a corporation organized pursuant to the laws of Canada.

4.    This is an application to confirm an arbitral award rendered in Miami, Florida in favor of Giencourt and against IMAX. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. The court has original jurisdiction over this application pursuant to 9 U.S.C. § 203 because both Canada and the Republic of Panama are parties to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards done in New York on June 10, 1958 (the "Convention") and the Arbitral Awards are within the scope of the

601508474.1

Convention.

5. This application is brought as a motion pursuant to 9 U.S.C. § 6.

6. Venue is proper in this judicial district pursuant to, *inter alia*, 9 U.S.C. § 204 because the Arbitral Awards were made in Miami, Florida.

## THE PARTIES' AGREEMENTS

7. Giencourt and IMAX first established a business relationship in 2005 when they entered into the Master Agreement, dated December 15, 2005 (the "Original Agreement"), to develop and open three IMAX theaters in the Republic of Chile or the Bolivarian Republic of Venezuela. The Original Agreement is attached hereto as **Exhibit "A"**.

8. Giencourt and IMAX later entered into a Master Development Agreement for the Purchase and Sale and Maintenance of IMAX Digital MPX Projection Systems and a Trademark License on March 1, 2008 (the "Master Agreement"). The Master Agreement is attached hereto as **Exhibit "B"**.

9. The Master Agreement was subsequently modified by an Amended and Restated Master Development Agreement, dated January 1, 2012, and again by an Amended and Restated Master Development Agreement for the Purchase and Sale and Maintenance of IMAX Digital Projection Systems and Trademark License, dated February 20, 2013 (the "Contract"). The Contract is attached hereto as **Exhibit "C"**.

10. Section 18.12 of the Contract provided for arbitration between the parties as follows:

> This Agreement shall be construed according to the law of the Province of Ontario, Canada, and the parties agree that the provision of the United Nations Convention on the International Sale of Goods (also known as the "Vienna Sales Convention") shall not apply to the subject matter of this Agreement. Any dispute under this Agreement not settled by negotiations between the parties shall be submitted to final and binding arbitration

pursuant to the rules of the American Arbitration Association of America ("AAA"). Such arbitration proceedings shall be before three (3) arbitrators appointed by the AAA, in proceedings in Miami, Florida to be conducted in the English language.

See **Exhibit "C"**.

11.     Because Giencourt is a corporation organized under the law of the Republic of Panama and IMAX is a corporation organized under the law of Canada, the arbitration proceeded under the 2009 ICDR Arbitration Rules[1].

12.     The parties ratified their agreement to arbitrate on a December 3, 2013 conference call with the ICDR by agreeing to confirm that the ICDR Rules would apply to the case.

## CONFIRMATION OF THE ARBITRAL AWARD

13.     On November 11, 2013, Giencourt submitted a Demand for Arbitration and Statement of Claim to the International Centre for Dispute Resolution, American Arbitration Association against IMAX. Giencourt submitted an Amended Demand for Arbitration and Statement of Claim on January 3, 2014. The Amended Demand for Arbitration and Statement of Claim is attached as **Exhibit "D"**.

14.     On January 23, 2014 IMAX submitted its Statement of Defense and Counterclaim. See **Exhibit "E"**.

15.     Pursuant to the parties' arbitration agreement and the ICDR Rules, a three-person arbitral tribunal was appointed consisting of Professor Franco Ferrari, John E. O'Neill and Klaus Reichert SC.

16.     A final hearing was held, on due notice to the parties, in Miami, Florida from December 14 through December 18, 2015. Both parties appeared, were represented by counsel, offered testimony and other evidence, and otherwise participated in the hearing.

---

[1] International Centre for Dispute Resolution ("ICDR"), International Arbitration Rules (2009) (hereinafter "ICDR Rules" or "2009 Rules").

601508474.1

17. On February 7, 2017 the arbitral tribunal issued a Partial Final Award, and on July 21, 2017 the arbitral tribunal issued a Final Award resolving the parties' claims. The Arbitral Awards rejected IMAX's claims. The Arbitral Awards are attached hereto as **Composite Exhibit "F"**.

18. The Partial Final Award held as follows:

> A. We declare that there is a valid and enforceable settlement agreement between Giencourt Investments, S.A. and IMAX Corporation.
>
> B. We dismiss the prayer for relief advanced by the IMAX Corporation in this arbitration save for its claim for costs, which are held over for disposition by later award or awards, and we reserve jurisdiction to decide such claims for costs.
>
> C. We hold over for disposition by a later award or awards the prayers for relief advanced by Giencourt Investments, S.A. in this arbitration: (a) seeking an order directing performance of this settlement agreement declared at A. above; and (b) claims for costs. We reserve jurisdiction to decide such claims.

*See* **Composite Exhibit "F"**.

19. The Final Award (a) confirmed the existence of the settlement agreement between Giencourt and IMAX; and (b) ordered IMAX to pay Giencourt $971,525.38 for arbitration costs. The Final Award further clarified that the arbitral tribunal did not have jurisdiction to: (a) direct the parties to perform under the settlement agreement; or (b) award Giencourt amounts that have become due under the agreement. *Id*.

20. IMAX then sought to vacate the tribunal's two unanimous Arbitral Awards and filed a Petition to Vacate Arbitration Awards in the United States District Court of the Southern District of Florida on October 17, 2017. *See* **Exhibit "G"**.

21. Upon review of the parties' briefs and after oral argument held on June 27, 2019, Magistrate Judge Chris McAliley issued a Report and Recommendation recommending denial of

IMAX's Motion to Vacate Arbitration Award. The Magistrate Judge's Report and Recommendation was adopted by the Court on January 10, 2020. The Report and Recommendation and order adopting same are attached hereto as **Composite Exhibit "H"**.

22. The Arbitral Awards resolve, pursuant to the written arbitration agreement, a dispute concerning commercial matters.

23. IMAX has not complied with the Arbitral Awards.

24. No basis exists for vacating, modifying, or correcting the Arbitral Awards. Moreover, as set forth in paragraphs 20-21 above, IMAX's Motion to Vacate the awards was denied.

25. Accordingly, the Court should enter judgment confirming the Arbitral Awards pursuant to 9 U.S.C. § 207.

THIS SPACE INTENTIONALLY LEFT BLANK.

## CONCLUSION

26. For the foregoing reasons, Giencourt respectfully requests an Order and Judgment (a) confirming the Arbitral Awards; (b) directing IMAX to complete a debtor information form as specified in Fla. R. Civ. P. 1.560(c) and Form 1.977 (*see* Fed. R. Civ. P. 69(a)); and (c) granting such other relief as the Court may deem just and equitable.

Dated: January 22, 2020                     Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**
200 South Biscayne Blvd., Suite 400
Miami, FL 33131
Tel: (786) 322-7500
Fax: (786) 322-7501

By: *Pedro J. Martinez-Fraga*
   Pedro J. Martinez-Fraga
   Florida Bar No. 752282
   pedro.martinezfraga@bclplaw.com
   C. Ryan Reetz
   Florida Bar No. 934062
   ryan.reetz@bclplaw.com
   Zina Gabsi
   Florida Bar No. 73789
   zina.gabsi@bclplaw.com

*Attorneys for Respondent,*
*GIENCOURT INVESTMENTS, S.A.*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 22, 2020, the foregoing document was served on all counsel of record by operation of the Court's electronic filing system.

                                              */s/ C. Ryan Reetz*
                                              C. Ryan Reetz